IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| HERIBERTO FRAIRE-LUNA and <br> HERIBERTO FRAIRE-LUNA JR., <br><br> *Plaintiffs,* <br><br> VS. <br><br> GRUPO MH DIVISION TRANSPORTES <br> SA DE CV AND <br> GUADALUPE ESQUIVEL HERNANDEZ, <br><br> *Defendants.* | § § § § § § § § § § § § § § § Civil Action No. 2:17-cv-62 |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE DISTRICT JUDGE OF SAID COURT:

NOW COMES, Plaintiffs Heriberto Fraire-Luna and Heriberto Fraire-Luna Jr. and file their Original Complaint against Defendants Grupo MH Division Transportes SA DE CV and Guadalupe Esquivel Hernandez. In support thereof, Plaintiffs would respectfully show the Court as follows:

## I.
### PARTIES

1.1     Heriberto Fraire-Luna is a resident of Texas and resides in Eagle Pass Texas.

1.2     Heriberto Fraire-Luna Jr. is a resident of Texas and resides in Eagle Pass Texas.

1.3     Grupo MH Division Transportes SA DE CV ("Grupo") is a transportation company with its principal place of business in Piedras Negras, Mexico. Grupo MH Division Transportes SA DE CV was engaged in business in Texas at all times relevant to this action and, in fact, this action arises from Grupo MH Division Transportes SA DE CV's business in Texas. Grupo MH Division Transportes SA DE CV may be served with process at Hidalgo Sur Altos No. 500, Piedras Negras, Coahulia, Mexico 26000,

pursuant to The Convention on the Service Abroad of Judicial or Extrajudicial Documents in Civil or Commercial Matters, commonly referred to as "The Hague Convention."

1.4     Guadalupe Esquivel Hernandez is resident of Mexico. Mr. Hernandez was an employee of Grupo MH Division Transportes SA DE CV at the time of the subject crash. Guadalupe Esquivel Hernandez may be served with process at C San Rodrigo 2120 Frace Villas Del Carmen, Piedras Negras, Mexico 26080, pursuant to The Convention on the Service Abroad of Judicial or Extrajudicial Documents in Civil or Commercial Matters, commonly referred to as "The Hague Convention."

## II.
### VENUE AND JURISDICTION

2.1     This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(2) as the matter in controversy exceeds the sum of $75,00000 and the case and controversy is between citizens of different countries.

2.2     This Court has personal jurisdiction over Defendants because they do business in Texas and have sufficient contacts with the State of Texas, both generally and with regard to this specific action, so that the exercise of personal jurisdiction over it is proper.

2.3     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  Specifically, the subject crash occurred in Eagle Pass, Maverick County, Texas.  Moreover, venue is proper in this Court pursuant to 28 U.S.C. § 1391(c)(3) because Defendants are not residents of the United States.

### III.
#### BACKGROUND FACTS

3.1     According to the crash report in this case, on April 7, 2017 at approximately 12:20 p.m., a tractor-trailer owned by Grupo MH Division Transportes SA DE CV was being driven by Guadalupe Esquivel Hernandez on FM 1021 in Eagle Pass, Texas.  At the same time, Plaintiffs were in a silver car in the lane slightly in front of Mr. Esquivel Hernandez.  Out of nowhere and without warning, Defendant Esquivel Hernandez changed lanes and crashed into the vehicle in which Plaintiffs were occupants. Plaintiffs suffered severe injuries as a result of the crash.

3.2     At all times during the time of the crash, Defendant Esquivel Hernandez was in the course and scope of his employment with his employer Grupo MH Division Transportes SA DE CV.  As such, Defendant Grupo is liable for the acts and omissions of Defendant Esquivel Hernandez under the doctrine of *respondeat superior*. Alternatively, Defendant Esquivel Hernandez was the statutory employee of Defendant Grupo MH Division Transportes SA DE CV pursuant to the Federal Motor Carrier Safety Regulations.  *See* 49 C.F.R. § 376.1, *et seq*.

### CAUSES OF ACTION AGAINST DEFENDANTS
### GRUPO AND ESQUIVAL-HERNANDEZ

### IV.
#### NEGLIGENCE AND VICARIOUS LIABILITY

4.1     Defendants Grupo and Esquival-Hernandez committed actions of omission and commission, which collectively and severally constituted negligence, and that negligence proximately caused the crash in question and Plaintiffs' damages.

4.2     Defendants Grupo and Esquival-Hernandez had a duty to Plaintiffs to exercise ordinary care. Defendants Grupo and Esquival-Hernandez's acts or omissions of negligence include, without limitation, one or more of the following:

    (a) Operating a vehicle on a public roadway while failing to keep a proper lookout;

    (b) Failing to take proper evasive action;

    (c) Failing to control speed;

    (d) Failing to safely operate the subject tractor-trailer;

    (e) Failing to maintain the subject tractor-trailer in the proper driving lanes;

    (f) Failing to pay attention to attendant traffic and driving conditions;

    (g) crashing into Plaintiffs; and

    (h) making an unsafe lane change.

4.3    Defendant Grupo is liable for Defendant Esquivel Hernandez's conduct under the doctrine of *respondeat superior*. Defendant Esquivel Hernandez was employed by Defendant Grupo as its authorized agent, servant, and/or employee on the date in question. Defendant Grupo is vicariously liable for Defendant Esquivel Hernandez's negligence because Mr. Esquivel Hernandez was acting in furtherance of the business of Defendant Grupo at the time of the collision and was in the course and scope of his employment or agency with Defendant Grupo at the time of the collision.

4.5    Alternatively, Defendant Grupo is vicariously liable as a matter of law for the negligence of Defendant Esquivel Hernandez because Defendant Esquivel Hernandez was a statutory employee of Defendant Grupo pursuant to the Federal Motor Carrier Safety Regulations.

## DAMAGES

### V.
### ACTUAL DAMAGES

5.1    As a result of the subject crash, Plaintiffs have suffered in the past, and will likely suffer in the future, damages including physical pain and mental anguish, physical

impairment, disfigurement, lost earnings, loss of earning capacity, and reasonable and necessary medical expenses. Those damages were proximately caused by the negligence of the Defendants.

## VI.
### PREJUDGMENT AND POST-JUDGMENT INTEREST

6.1   Plaintiffs seek pre-judgment and post-judgment interest at the maximum legal rate.

## VII.
### CONDITIONS PRECEDENT

7.1   All conditions precedent to Plaintiffs' right to recover and Defendants' liability have been performed or have occurred.

## VIII.
### JURY DEMAND

8.1   Plaintiffs request a trial by jury and tender the requisite fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, that this cause be set for trial before a jury, and that Plaintiffs recover judgment of and from Defendants for their actual damages, in such an amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiffs may show themselves to be justly entitled, whether at law or in equity.

Dated this 30th day of October 2017.

        Respectfully Submitted,

        WATTS GUERRA LLP
        4 Dominion Drive, Building 3, Suite 100
        San Antonio, Texas 78257
        Telephone:  210.447.0500
        Fax:  210.447.0501

>By:   /s/ - Jorge L. Mares
>MIKAL C. WATTS
>Texas State Bar No. 20981820
>Email:  mcwatts@wattsguerra.com
>FRANCISCO GUERRA, IV.
>Texas State Bar No. 00796684
>Email:  fguerra@wattsguerra.com
>JORGE L. MARES
>Texas State State Bar No. 24087973
>Email:  jmares@wattsguerra.com
>P. BRIAN BERRYMAN
>Texas State Bar No. 2254300
>Email:  bberryman@wattsguerra.com

*And*

THE LAW OFFICE OF MICHAEL MILLER
926 Chulie Drive
San Antonio, Texas 78216
Telephone:  210.225.6666
Fax:  210.225.2300

>MICHAEL MILLER
>State Bar No. 00788060
>Email:  mmiller@michaelmillerlaw.com

ATTORNEYS FOR PLAINTIFFS